CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 06 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MCAIRLAIDS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:15-cv-00006 |
| ) | |
| MEDLINE INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |
| MCAIRLAID'S VLIESSTOFFE, GmbH, and ) | |
| MCAIRLAIDS, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 7:15-cv-00208 |
| ) | |
| MEDLINE INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the court is plaintiff McAirlaids, Inc.'s motion to enforce the Preliminary Injunction Order entered July 13, 2015 in Case No. 7:15cv208, and for defendant Medline Industries, Inc. to show cause why it should not be held in civil contempt (ECF No. 141).[1] The parties appeared before the court and presented argument on this motion on August 2, 2016. The motion was taken under advisement by Order entered August 5, 2016. For the reasons set forth below, McAirlaids' motion is now **DENIED**.

---

[1] These related cases were consolidated for purposes of trial by Order entered July 17, 2015 and for filing by oral Order entered June 2, 2016. Citations to the docket will refer to the lead Case No. 7:15cv00006 unless otherwise noted.

I.

McAirlaids seeks a finding of civil contempt against Medline for violation of the Court's July 13, 2015 Preliminary Injunction Order. See Case No. 7:15cv00208 (ECF No. 44). That Order required Medline to cease and desist marketing its China-made Ultrasorbs as being made in the United States; using any reference to McAirlaid's '702 Patent, SuperCore or McAirlaids' registered trade dress; marketing these drypads as being "clinically proven" or "clinically shown," or referencing four specific clinical studies involving McAirlaids' manufactured drypads; and marketing the McAirlaids products it continued to sell in a manner confusingly similar to the China-made Ultrasorbs.

To support its contempt motion, McAirlaids relies largely on the 2016 renewal of a 2014 Incontinence Contract between Medline and one of its hospital purchasing group customers, Premier, Inc. In essence, McAirlaids argues that when the contract was renewed in April, 2016, certain references prohibited by the July 2015 Preliminary Injunction Order remained in place. McAirlaids also found four Medline emails from July and August 2015, which it contends violate the Preliminary Injunction Order.

For its part, Medline relies on a July 18, 2015 Medline News Flash email titled "Urgent Ultrasorbs Product Features Update" instructing the Medline "Team" to avoid, in sales pitches and marketing materials, the representations prohibited by the injunction. Medline argues that it substantially complied with the Preliminary Injunction Order and that McAirlaids has sustained no harm from the few issues identified by McAirlaids.

II.

To establish civil contempt, the moving party must demonstrate (1) the existence of a

valid order of which the defendant had actual or constructive knowledge; (2) a showing that the order was in the movant's favor; (3) a showing that the defendant violated the terms of the order and had knowledge of such violations, and (4) a showing that the movant suffered harm as a result. JTH Tax, Inc. v. Noor, No. 2:11cv00022, 2012 WL 4473252, at *2 (E.D. Va. Sept. 26, 2012) (citing Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000)). Although a finding of civil contempt must be established by clear and convincing evidence, "the court need not make a finding that the defendant's actions were willful in order to find him in contempt of court[.]" Id. (citing McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)).

At issue in this case are elements three and four—namely a knowing violation of the Order and resulting harm. The court finds that McAirlaids cannot establish either element by clear and convincing evidence. Thus, its claim for civil contempt fails.

### III.

First, the evidence shows that Medline took immediate steps to remedy the transgressing representations which were the subject of the July 13, 2015 Preliminary Injunction Order as reflected in the July 18, 2015 Urgent Medline News Flash. In an organization of Medline' size, the fact that less than a handful of offending emails were sent in the weeks following the preliminary injunction speaks volumes as to Medline's substantial compliance with the terms of the court's Order. To be sure, Medline neither informed its sales force or its customers about the issuance of the injunction, but that was not required by the terms of the injunction. Rather, Medline instructed its sales force to follow the commands of the injunction in its July 18, 2015 email, and only four offending emails were

3

located thereafter. On this evidence, the court cannot find Medline knowingly violated the court's Order.

Nor does the court view the 2016 amendment to the Premier Incontinence Contract as a knowing violation of the Preliminary Injunction Order. As Medline explains, this was a renewal of a 2014 agreement and the circumstances do not suggest a knowing violation of the Preliminary Injunction Order.

Additionally, McAirlaids has demonstrated no harm whatsoever from the claimed violations. McAirlaids simply has not proven civil contempt by clear and convincing evidence. As such, its motion to enforce the Preliminary Injunction Order and for defendant Medline Industries, Inc. to show cause why it should not be held in civil contempt (ECF No. 141) will be **DENIED**.

An appropriate Order will be entered.

Entered: 10/6/2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge